UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IGNACIO VALENCIA,

Petitioner,

v.

TIM GARRETT, *et al.*,

Respondents.

Case No. 3:22-cv-00554-ART-CSD

ORDER

  This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Ignacio Valencia, who is incarcerated at Nevada's Lovelock Correctional Center. On December 19, 2022, the Court received from Valencia an application to proceed *in forma pauperis* (ECF No. 1), a habeas petition (ECF No. 1-1), and a motion for appointment of counsel (ECF No. 1-2).

  The information provided by Valencia in his application to proceed *in forma pauperis* (ECF No. 1) shows that he is able to pay the filing fee for this action. The Court will, therefore, deny the application to proceed *in forma pauperis*, but will not set a deadline for Valencia to pay the $5 filing fee until after appointed counsel appears for him.

  State prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. Valencia's petition indicates that he is serving five sentences of life in prison with the possibility of parole, apparently amounting to 70 years to life in prison, and it

1

1  appears that the petition raises issues that may be relatively complex, and that
2  Valencia may suffer from mental illness and/or low intellectual functioning, such
3  that the interests of justice call for appointment of counsel. The Court will grant
4  Valencia's motion for appointment of counsel and will appoint the Federal Public
5  Defender for the District of Nevada (FPD) to represent him.

6  The Court has examined Valencia's petition pursuant to Rule 4 of the Rules
7  Governing Section 2254 Cases in the United States District Courts and
8  determines that it merits service upon the Respondents. The Court will order the
9  petition served upon the Respondents, and will direct the Respondents to appear,
10 but will not require any further action on the part of the Respondents at this
11 time.

12 It is therefore ordered that Petitioner's Application to Proceed *in Forma*
13 *Pauperis* (ECF No. 1) is denied.

14 It is further ordered that the Clerk of the Court is directed to separately file
15 the Petition for Writ of Habeas Corpus (ECF No. 1-1) and the Motion for
16 Appointment of Counsel (ECF No. 1-2).

17 It is further ordered that Petitioner's Motion for Appointment of Counsel
18 (ECF No. 1-2) is granted. The Federal Public Defender for the District of Nevada
19 (FPD) is appointed to represent the Petitioner. If the FPD is unable to represent
20 the Petitioner, because of a conflict of interest or for any other reason, alternate
21 counsel will be appointed. In either case, counsel will represent the Petitioner in
22 all federal court proceedings relating to this matter, unless allowed to withdraw.

23 It is further ordered that the Clerk of the Court is directed to electronically
24 serve upon the FPD a copy of this order, together with a copy of the Petition for
25 Writ of Habeas Corpus (ECF No. 1-1).

26 It is further ordered that the FPD will have 30 days from the date of this
27 order to file a notice of appearance, or to indicate to the Court its inability to
28 represent the Petitioner in this case.

It is further ordered that the Court will set a deadline for payment of the filing fee after counsel appears for the Petitioner.

It is further ordered that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

It is further ordered that Respondents will have 30 days from the date of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

DATED THIS 22nd day of December, 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE