UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IGNACIO VALENCIA,

Petitioner,

v.

NETHANJAH BREITENBACH, *et al.*,

Respondents.

Case No. 3:22-cv-00554-ART-CSD

ORDER

In this habeas corpus action, the respondents were due to respond to the petitioner's amended petition for writ of habeas corpus by June 8, 2026. *See* ECF Nos. 10, 37, 39. On June 5, 2026, Respondents filed a motion for extension of time, requesting a 14-day extension, to June 22, 2026. (ECF No. 40.) Respondents then filed a response to the amended petition, a motion to dismiss, on June 22, as contemplated in their motion for extension of time. (ECF No. 56.) Respondents' counsel stated in the motion for extension of time that the extension was necessary because of obligations in other cases and represented that Petitioner Ignacio Valencia, who is represented by appointed counsel, did not oppose the extension. The Court finds that the motion for extension of time was made in good faith and not solely for the purpose of delay, and that there was good cause for the extension. The Court will grant the motion for extension of time, *nunc pro tunc*; the motion to dismiss will be deemed timely filed.

On June 17, 2026, the respondents filed a number of exhibits. (ECF Nos. 41–52, 54.) Respondents filed four of those exhibits under seal (ECF Nos. 54-1, 54-2, 54-3, 54-4), and they filed a motion requesting leave of court to do so (ECF No. 53). The exhibits Respondents filed under seal are mental health, intelligence and competency evaluations, and a presentence investigation report. (*See* ECF No. 54.) Valencia did not respond to the motion for leave to file those exhibits

1

under seal. While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). In general, "compelling reasons" exist where the records could be used for improper purposes. *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. *See* NRS 176.156(5). In view of the state law regarding presentence investigation reports and considering the nature of the information in all the exhibits in question, the Court finds that there are compelling reasons for them to be filed under seal.

It is therefore ordered that Respondents' Motion for Enlargement of Time (ECF No. 40) is granted. Respondents' motion to dismiss (ECF No. 56) will be deemed timely filed. In all other respects, the schedule for further proceedings set forth in the scheduling order entered January 27, 2023 (ECF No. 10) remains in effect (Petitioner has until August 21, 2026, to respond to the motion to dismiss).

It is further ordered that Respondents' Motion for Leave to File Exhibits under Seal (ECF No. 53) is granted. The exhibits in question have already been filed under seal (ECF Nos. 54-1, 54-2, 54-3, 54-4); the Clerk of Court is directed to retain those exhibits under seal.

DATED THIS 6th day of July 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2