UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IGNACIO VALENCIA,<br>Petitioner,<br>v.<br>NETHANJAH BREITENBACH,<br>Respondents. | Case No. 3:22-cv-00554-ART-CSD<br>ORDER |

Petitioner Ignacio Valencia has filed a counseled first amended petition (ECF No. 32) and now requests a stay while he litigates his second state habeas petition. ECF No. 42. Also pending are Respondents' Motion to Dismiss (ECF No. 56) as well as Valencia's Motion to Vacate Deadline to Oppose Motion to Dismiss (ECF No. 59.)

**Background**

Valencia challenges a state court conviction for three counts of sexual assault on a child and two counts of lewdness with a child under fourteen years. The state district court sentenced Valencia to an aggregate term of 70 years to life. The Nevada Supreme Court affirmed the judgment of conviction on appeal.

Valencia filed a state habeas petition. Following an evidentiary hearing, the state district court denied relief and the Nevada Court of Appeals affirmed the denial of relief. Valencia filed his federal habeas petition. ECF No. 1-1. Following appointment of counsel, Valencia filed his first amended petition. ECF Nos. 4, 32. Respondents move to dismiss the first amended petition as untimely, unexhausted and/or procedurally defaulted. ECF No. 56. Valencia now moves for a stay to return to state court to exhaust claims and assert actual innocence. ECF No. 58. Respondents do not oppose Valencia's request for a stay.

## Discussion

### I. Motion to Stay

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in Rhines"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there's no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir.2008) (citing *Rhines*, 544 U.S. at 278).

Courts in this district have declined to prescribe the strictest possible standard for issuance of a stay. *See, e.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* For example, "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Valencia asserts that his initial postconviction counsel provided ineffective assistance and that he can overcome any procedural bars based on actual innocence. The Court finds that Valencia has established good cause for a stay and abeyance of this proceeding as he has a colorable argument that he can make to the state courts to overcome the procedural bars of his unexhausted claims. The Court is unable to conclude that all of his claims are plainly meritless without

conducting a merits analysis, including review of the trial transcripts and alleged new evidence. Accordingly, it is not perfectly clear whether Valencia has no hope of prevailing on at least one of his claims. *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) ("In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'") There is also no indication that Valencia has intentionally engaged in dilatory litigation tactics. Accordingly, the Court grants Valencia's motion to stay these proceedings while he litigates his claims in state court.

The Court denies Respondents' motion to dismiss without prejudice to Respondents reasserting any and all defenses then applicable in a renewed motion to dismiss, following upon a scheduling order directing a response. In addition, the Court grants Valencia's motion to vacate the deadline to file an opposition to Respondents' motion to dismiss.

**Conclusion**

It is therefore ordered that Ignacio Valencia's Motion to Stay Case (ECF No. 58) is granted.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 56) is denied without prejudice to the reassertion of any and all defenses then applicable following the stay, following upon a scheduling order directing a response.

It is further ordered that Valencia's Motion to Vacate Deadline (ECF No. 59) is granted.

It is further ordered that this action is STAYED pending exhaustion of the unexhausted claims in the amended petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court and returning to federal court with

a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings. [1]

It is further ordered that the Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

DATED THIS 6th day October, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).